\*\*E-Filed 8/16/2010\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JOANN JOSEPHINE RIGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROBER & RAPHAEL, A LAW CORPORATION, f/k/a POLK, PROBER & RAPHAEL, A LAW CORPORATION, a California corporation; and DEAN RUSSELL PROBER, individually and in his official capacity,<br><br>　　　　Defendants. | Case Number C 10-1215<br><br>ORDER[1] GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS, WITH LEAVE TO AMEND IN PART |

## I. BACKGROUND

Plaintiff Joann Josephine Riggs ("Riggs") filed the complaint in this action on March 23, 2010. The complaint asserts claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") against Prober & Raphael, a California corporation engaged in the business of debt collection, and Dean Russell Prober ("Prober"), a licensed California attorney and an "employee, agent, and/or director" of Prober & Raphael.

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 10-1215
ORDER GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)

The complaint contains the following allegations. On November 4, 2006, Riggs incurred a financial obligation to South Bay Auto in San Jose, California. This debt was incurred primarily for personal, family or household purposes. At some point thereafter, the debt was transferred, first to Fireside Bank ("Fireside"), and then to Defendants for collection. Defendants sent Riggs a collection letter dated April 10, 2010, that contained the following language:

> Please be advised that if you notify my office in writing within 30 days that all or part of your obligation or judgment to FIRESIDE BANK is disputed, then I will mail to you written verification of the obligation judgment and the amounts owed to FIRESIDE BANK. In addition, upon your written request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If I do not hear from you within 30 days, I will assume that your debt to FIRESIDE BANK is valid.

Compl. Ex. 1. The letter concluded with Prober's facsimile signature. *Id.*

Riggs alleges that Defendants violated the FDCPA and the RFDCPA in at least five ways:

> (1) falsely representing or implying that Prober, an attorney, had reviewed Riggs' account when he had not done so;
>
> (2) falsely representing the role and involvement of legal counsel;
>
> (3) misrepresenting the true source or nature of the communication;
>
> (4) mischaracterizing Riggs' right to dispute the debt; and
>
> (5) requiring that disputes be in writing in order for Defendants not to consider the debt valid.

Compl. ¶¶ 29, 37. Riggs also alleges that Defendants sent the same the form collection letter to more than forty other individuals in California in the year preceding the filing of this action on March 23, 2010.

On May 24, 2010, Defendants moved to dismiss or, in the alternative, for partial summary judgment pursuant to Fed. R. Civ. Proc. 56(b) and 56(d).

Case No. C 10-1215
ORDER GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)

## II.  LEGAL STANDARD

### 1.  Motion to Dismiss

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### 2.  Motion for Partial Summary Judgment

The standard applied to a motion seeking partial summary judgment is identical to the standard applied to a motion seeking summary judgment with respect to the entire case. *See Urantia Found. v. Maaherra*, 895 F. Supp. 1335, 1335 (D. Ariz. 1995). A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to

3


interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991). On a motion for summary judgment, the Court will not consider new argument or evidence presented in a reply brief unless the non-moving party has had an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Ferguson v. City of Phoenix*, 931 F.S upp. 688, 696 (D. Ariz. 1996). It is not the court's task to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal citations and quotations omitted).

The non-moving party is responsible for identifying with reasonable particularity the evidence that precludes summary judgment. *See id.* However, if the non-moving party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition", the court may "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken". Fed. R. Civ. P. 56(f).

### III. DISCUSSION

**1.   The FDCPA and the RFDCPA**

In light of the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors[,]" 15 U.S.C. § 1692(a), Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the

4

defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009). In their motion, Defendants challenge only the sufficiency of Plaintiff's allegations as to the third requirement.

The RFDCPA is California's version of the FDCPA; it prohibits specific practices and provides legal remedies for consumers, and it also gives enforcement powers to the relevant state authorities. *See* Cal. Civ. Code § 1788 *et seq*. As both parties acknowledge, the RFDCPA either mimics the relevant provisions of the FDCPA or incorporates them by reference. *Id.*; Cal. Civ. Code. § 1788.17. Thus, for the purposes of this motion, the analysis of Plaintiff's two claims for relief is identical.

### A. Motion to Dismiss

Defendants argue that the Complaint "falls prey to exactly the type of conclusory allegation" found insufficient under *Iqbal* by failing to "allege exactly what actions taken by Defendants support her belief that Defendants violated" the cited provisions of the FDCPA and the RFDCPA. Defs.' Mot. 5. They assert that Plaintiff "has simply copied the language of the statutes upon which she seeks relief, incorporated the Collection Letter by reference, and left it to the Defendants and the Court to ascertain on their own exactly how the Defendants violated the statutory language quoted." *Id.* at 6. Plaintiff contends that the complaint contains sufficient factual allegations with respect to each of Defendants' alleged violations of the FDCPA.

#### i. False Representation of the Role and Involvement of Counsel

Section 1692e of the FDCPA forbids debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." Specifically, Sections 1692e(3) and 1692e(10) forbid the following conduct:

> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

5

Case No. C 10-1215
ORDER GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)

15 U.S.C. § 1692e(3), 1692e(10).

Plaintiff contends that her allegations that (1) Defendants sent the collection letter; (2) the collection letter represented or implied that Plaintiff's account had been reviewed by Prober; and (3) the collection letter contains a facsimile signature of Prober's are sufficient to state a claim under Sections 1692e(3) and 1692e(10).[2] She relies upon two cases from the Second Circuit, *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993), and *Reade-Alvarez v. Elman, Eltman & Cooper, P.C.*, 369 F. Supp. 2d 353 (E.D.N.Y. 2005).

In *Clomon*, the Second Circuit affirmed summary judgment in favor of the plaintiff-debtor on his Section 1692e claims where the defendant-attorney "played virtually no day-to-day role in the debt collection process." 988 F.2d at 1320. Specifically, the court concluded that the use of the defendant's letterhead and facsimile signature on form collection letters sent through a computerized mass-mailing system

> was sufficient to give the least sophisticated consumer the impression that the letters were communications from an attorney. This impression was false and misleading because in fact [the defendant] did not review each debtor's file; he did not determine when particular letters should be sent; he did not approve the sending of particular letters based upon the recommendations of others; and he did not see particular letters before they were sent–indeed, he did not even know the identities of the persons to whom the letters were issued.

*Id.* Following *Clomon* and relying upon its holding, the district court in *Reade-Alvarez* denied the defendants' motion to dismiss the plaintiffs' Section 1692e claim where the collection letters sent to the two named plaintiffs

> were not signed by anyone, including attorneys associated with [the defendants]. Rather, the letters contained a typed signature line stating 'Very truly yours, Eltman, Eltman & Cooper, P.C.' Further, each of the letters had the identical font and format, consistent with computer generation. Moreover, Reade-Alvarez and Studen received two letters that are virtually identical, suggesting that [the defendants] utilized an automated process in generating them.

*Reade-Alvarez*, 369 F. Supp. 2d at 360-61.

---

[2] Plaintiff's allegations that Defendants violated Sections 1692e(3) and 1692e(10) of the FDCPA correspond to her allegations that Defendants violated Sections 1788.13(I), 1788.16, and 1788.17 of the RFDCPA. *See* Compl. ¶¶ 29(b) and 37(b).

6

Case No. C 10-1215
ORDER GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)

Defendants argue that "the only real <u>fact</u> upon which Plaintiff bases her claims is that Prober signed the Collection Letter via facsimile signature, rather than via ink" and that "[b]ased on this facsimile signature alone, Plaintiff makes the leap of logic that Defendants must not have participated in preparing the Collection Letter, and instead that some unqualified and unidentified third party must have prepared the letter on their behalf." Defs.' Reply 4 (emphasis in original). Accordingly, they contend, both *Clomon* and *Reade-Alvarez* are distinguishable on their facts. With respect to *Clomon*, Defendants assert that "[t]he defendants . . . were held liable not because the communications at issue contained facsimile signatures, but rather because they were produced and mailed solely by computer, on a massive scale, with no human oversight or review." Defs.' Reply 5 (citing *Clomon*, 988 F.2d at 1321). Similarly, Defendants point to allegations in *Reade-Alvarez* that the documents were computer generated and lacked attorney review; that the multiple letters were received by separate individuals and contained identical font and format, indicating computer generation; and that the letters were not signed "by <u>anyone</u>, let alone an attorney, thus further supporting an inference that the documents lacked attorney oversight." *Id.* (citing *Reade-Alvarez*, 369 F. Supp. 2d at 360 (emphasis in original)).

Both *Clomon* and *Reade-Alvarez* were decided prior to *Iqbal*. Under the Rule 8 standard as clarified by the Supreme Court in *Iqbal*, Plaintiff has failed to allege sufficiently the basis for her belief that Prober "did not conduct a professional review of Plaintiff's account before sending the collection letter." Compl. ¶ 18. Plaintiff cites the Second Circuit's statement in *Clomon* that "there will be few, if any, cases in which a mass-produced collection letter bearing the facsimile of an attorney's signature will comply with the restrictions imposed by § 1692e." 988 F.2d at 1321. However, neither that statement nor any other authority cited by Plaintiff stands for the proposition that an allegation that a collection letter has been signed with a facsimile of an attorney's signature is sufficient, *in and of itself*, to survive a motion to dismiss. As Defendants correctly point out, unlike the plaintiffs in *Reade-Alvarez* and *Clomon*, Plaintiff has failed to allege any other details related to Prober's involvement or non-involvement with the review of her account. Although Plaintiff does allege that "Defendants have sent standard form collection

letters in the form of Exhibit '1' to more than 40 persons in California in the one year preceding the filing of the Complaint," Compl. ¶ 22, she provides no details with respect to any letters other than the one she received.

Plaintiff's allegations certainly are consistent with the *possibility* that Defendants violated Section 1692e. However, at least since *Twombly* and *Iqbal*, this is not enough. As one district court in this circuit commented recently:

> In *Iqbal* the Supreme Court set forth a two-pronged approach by which courts were to review the sufficiency of allegations in a complaint. First, a court reviews the complaint and discounts any allegations therein that amount to little more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." 129 S.Ct. at 1949. A complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Next, the court examines the remaining allegations to determine whether they "state a plausible claim for relief," with the understanding that such allegations are accepted as being true and any reasonable inferences that arise therefrom are to be accorded in the pleader's favor. *Id.* at 1950. A claim is plausible, as opposed to merely possible, if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. In contrast, a complaint alleging facts that are "merely consistent with a defendant's liability, stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

*Gordon v. City of Moreno Valley*, 687 F.Supp.2d 930, 943-44 (C.D.Cal. Aug. 31, 2009). Plaintiff's allegations with respect to Defendants' representation of Prober's role do not "cross the line" between possibility and plausibility. Plaintiff is advised to amend her complaint to include such factual allegations, if she can do so.

### ii. Misrepresentation of the True Source or Nature of the Collection Letter

Plaintiff's allegation that Defendants violated Sections 1692e, 1692e(3), and 1692e(10)[3] by misrepresenting the true source or nature of the collection letter is based on the alleged misrepresentation of Prober's role and involvement. *See* Pl.'s Opp'n 7 ("By misrepresenting the role and involvement of counsel . . . Defendants misrepresented the true source or nature of the collection communication.") Accordingly, Plaintiff's arguments that she has alleged sufficient

---

[3] Plaintiff's allegations that Defendants violated Sections 1692e, 1692e(3), and 1692e(10) of the FDCPA correspond to her allegations that Defendants violated Sections 1788.13(i), 1788.16, and 1788.17 of the RFDCPA. *See* Compl. ¶¶ 29(c) and 37(c).

8

Case No. C 10-1215
ORDER GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)

facts with respect to these claims are identical to those summarized above in Section III.1.A.i. *See id.* ("Above, Plaintiff detailed the claim stated as to Defendants' misrepresentation of the role and involvement of legal counsel.  The same cases and logic applies [sic] to Plaintiff's claim that Defendants misrepresented the true source of the collection communication.").  For the reasons discussed above, Plaintiff's allegations are insufficient to state a claim under this theory.

### iii. False Representation or Implication that Prober Reviewed Plaintiff's Account

Plaintiff's allegation that Defendants violated Sections 1692e(3) and 1692e(10)[4] by falsely representing or implying that Prober reviewed her account when he had not done so also is based on Defendants' alleged misrepresentation of Prober's role and involvement.  *See* Pl.'s Opp'n 9 ("By misrepresenting the role an [sic] involvement of counsel, Defendants falsely represented that attorney PROBER had personally reviewed Plaintiff's account.").  Accordingly, Plaintiff's arguments that she has plead sufficient facts are identical to those summarized above in Section III.1.A.i.  *See id.* at 8 ("Above, Plaintiff detailed the claim stated as to Defendants' misrepresentation of the role and involvement of legal counsel.  The same cases and logic apply to Plaintiff's claim that Defendants falsely represented that attorney PROBER had reviewed Plaintiff's account when he had not done so.").  As discussed previously, Plaintiff's allegations are insufficient to state a claim under this theory.[5]

---

[4] Plaintiff's allegations that Defendants violated Sections 1692e(3) and 1692e(10) of the FDCPA correspond to her allegations that Defendants violated Sections 1788.13(i), 1788.16, and 1788.17 of the RFDCPA.  *See* Compl. ¶¶ 29(a) and 37(a).

[5] Plaintiff also cites language from *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996).  In that case, the Seventh Circuit affirmed a judgment against an attorney for FDCPA violations where "[l]ike the attorney in *Clomon*, Rubin did not review the debtor's file; he did not determine when particular letters should be sent; he did not approve the sending of particular letters based upon the recommendation of others; he did not see particular letters before they were sent; and he did not even know the identities of the debtors to whom the letters were sent." *Avila*, 84 F.3d at 228-29.  *Avila* clearly is distinguishable, and its statements regarding the importance of the use of an attorney's letterhead for a debt collection letter do not alter the present analysis.

9

Case No. C 10-1215
ORDER GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)

        **iv.**    **Failure to Send Plaintiff a Written Notice Containing a Statement That Informed Her That She Could Dispute the Debt Orally or in Writing Within Thirty Days of Receiving the Notice**

Section 1692g(a)(3) provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> . . .
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

15 U.S.C. § 1692g(a)(3). Plaintiff argues that through its incorporation of the collection letter, her complaint alleges sufficiently that Defendants violated Section 1692g(a)(3).[6] She relies on the Ninth Circuit's opinion in *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078 (9th Cir. 2005). In that case, the defendant-debt collector's letter to the plaintiff-debtor stated that "[u]nless you notify this office *in writing* within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." *Camacho*, 430 F.3d at 1079 (emphasis added by Ninth Circuit). The Ninth Circuit affirmed the district court's denial of the defendant's motion to dismiss, concluding that the defendant's notice violated Section 1692g "insofar as it stated that disputes must be made in writing" because the statute does not so require. *Id.* at 1082. Plaintiff contends that the same reasoning applies in this case because the following language in the collection letter she received is "nearly identical" to the language in *Camacho*: "Please be advised that if you notify my office in writing within 30 days that all or part of your obligations or judgment to FIRESIDE BANK is disputed, then I will mail you written verification of the obligation or judgment and the amounts owed to FIRESIDE BANK." Compl. Ex. 1.

---

[6] Plaintiff's allegations that Defendants violated Section 1692g(a)(3) correspond to her allegations that Defendants violated Section 1788.17 of the RFDCPA. *See* Compl. ¶¶ 29(e) and 37(e).

1   However, Defendants argue that this language

2   comports perfectly with the FDCPA. 15 U.S.C. Sec. 1692g(a)(4) authorizes a
    debt collector to require that the debtor dispute the debt in writing in order to
3   request that the collector obtain a verification of the debt. 15 U.S.C. 1692g(a)(5)
    authorizes a debt collector to require that the debtor provide a written request for
4   the name and address of the original creditor. This is the extent of the "in
    writing" requirement of the Collection Letter, and it is patently lawful under any
5   reading of 15 U.S.C. Sections 1692g(a)(3), 1692e and 1692e(10), all of which
    Plaintiff claims this language violates.

Defs.' Reply 7. They contend that *Camacho* is inapposite because it only "prohibits debt collectors from requiring that the debtor dispute the debt in writing to challenge the <u>validity</u> of the debt"and "[n]othing in the language quoted [in Plaintiff's opposition] even addresses Plaintiff's right to challenge the validity of the debt, let alone requires that she do so in writing." *Id.* (emphasis in original). Defendants point to other language in the collection letter stating that: "If [Defendants] do not hear from you within 30 days, [Defendants] will assume that your debt to FIRESIDE BANK is valid." Compl. Ex. 1. Defendants argue that because this paragraph does not require Plaintiff to dispute the validity of the debt in writing, it does not violate the FDCPA.

Sections 1692g(a)(4) and 1692g(a)(5) provide that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> . . .
>
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's *written request* within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. 1692g(a)(4)-(5) (emphasis added). The paragraph in the collection letter that forms the basis of Plaintiff's claim under Section 1692g(a)(3) in fact complies fully with these two provisions. Neither the cited language nor any other language in the collection letter is analogous

to the offending language in *Camacho*.

### v. Misrepresentation of Plaintiff's Right to Dispute the Debt

Plaintiff's allegation that Defendants violated Sections 1692e and 1692e(10)[7] by misrepresenting Plaintiff's right to dispute the debt is based on the alleged violation of Section 1692g(a)(3). *See* Pl.'s Opp'n 11 ("As explained above, Defendants have violated 15 U.S.C. § 1692g(a)(3) by representing to Plaintiff that she was only allowed to dispute the debt *in writing*. This is a false representation made while attempting to collect a debt, and therefore a violation of 15 U.S.C. §§ 1692e and 1692e(10)." (emphasis in original)). Because Plaintiff fails to state a claim under Section 1692g(a)(3), she also fails to state a claim under Sections 1692e(3) and 1692e(10) based upon the same theory.

### B. Motion for Partial Summary Judgment

Defendants move for partial summary judgment as to Plaintiff's allegations that Defendants violated Section 1692g(a)(3) of the FDCPA and Section 1788.17 of the RFDCPA by requiring that Plaintiff dispute the debt in writing. The parties agree that this issue is ripe for adjudication. *See* Defs.' Mot. 8 ("[A]ll of the facts and evidence necessary for determination of this issue are properly before this Court."); Pl.'s Opp'n 12 ("Plaintiff agrees that there is no triable issue of fact with regard to the issue."). Accordingly, the only question for the Court to decide is whether the language in the collection letter violates Section 1692g(a)(3) or Section 1788.17. As discussed above in Section III.1.A.iv., it does not.

The only language in the collection letter relevant to the assumption of validity is the following: "If [Defendants] do not hear from you within 30 days, [Defendants] will assume that your debt to FIRESIDE BANK is valid." Compl. Ex. 1. Defendants do not specify in what form Plaintiff was required to communicate with Defendants. Plaintiff argues that Section 1692g(a)(3) requires that debt collectors disclose that the debtor need not dispute his or her debt in writing to

---

[7] Plaintiff's allegations that Defendants violated Sections 1692e(3) and 1692e(10) of the FDCPA correspond to her allegations that Defendants violated Sections 1788.13(i), 1788.16, and 1788.17 of the RFDCPA. *See* Compl. ¶¶ 29(d) and 37(d).

12

Case No. C 10-1215
ORDER GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)

1  restrict the collector from assuming its validity.  Pl.'s Opp'n 13.

2        The language of Section 1692g(a)(3) does not support this argument.  The statute requires
3  merely that the debt collector notify the debtor that the debt will be assumed valid "unless the
4  [debtor], within thirty days after receipt of the notice, *disputes the validity of the debt*, or any
5  portion thereof."  15 U.S.C. § 1692g(a)(3).  Unlike Section 1692g(a)(4) and 1692g(a)(5), which
6  specifically describe *written* communications from the debtor to the debt collector, Section
7  1692g(a)(3) concerns only "disput[ing]" validity, without qualification as to the method of
8  communication of that dispute.  As the Ninth Circuit held in Camacho, "there is no writing
9  requirement implicit in § 1692g(a)(3)."  *Camacho*, 430 F.3d at 1082.  Because the defendant in
10 *Camacho* sent a letter purporting to require that the validity of the debt be disputed in writing, the
11 court affirmed the lower court's denial of the defendant's motion to dismiss.  Nowhere did
12 *Camacho* impose an affirmative duty on debt collectors to inform the debtor that the dispute need
13 not be in writing.  Defendants are entitled to summary judgment with respect to the theories
14 discussed above in Sections III.1.A.iv. and III.1.A.v.

### IV.  ORDER

16       Good cause therefor appearing, IT IS HEREBY ORDERED that Defendants' motion to
17 dismiss  is GRANTED WITH LEAVE TO AMEND IN PART and their motion for partial
18 summary judgment is GRANTED.  Any amended pleading must be filed within thirty (30) days
19 of the date of this order.

21 **DATED**: August 16, 2010

22                                               JEREMY FOGEL
23                                               United States District Judge

Case No. C 10-1215
ORDER GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)